UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-20006

VICTOR RAUL MANRIQUE SILVA,

    Plaintiff,

vs.

CHANNELSIDE MANAGEMENT LLC,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Victor Raul Manrique Silva, sues Defendant, Channelside Management LLC, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Victor Raul Manrique Silva**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendant.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Channelside Management LLC**, is a Florida for-profit limited liability corporation that has at all times material conducted its business in Miami-Dade County, Florida, and it is *sui juris*.

6. Defendant was Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

1

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

8. Defendant maintained a place of business in this District, maintained real property in this district, and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains real property within this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

10. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

11. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

12. Defendant has at all times material engaged in interstate commerce in the course of management, renovation, and upkeep of real property which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

13. In addition, Defendant engaged in interstate commerce in the course of its work as a private real estate development and management firm that utilizes goods, materials, and supplies that traveled in interstate commerce in the course of its development and maintenance of real property.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

14. Furthermore, Defendant engages in interstate commerce in the course of its submission of payments for goods and receipt of payment from out-of-state payors.

15. Defendant utilizes computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

16. Defendant further negotiates and manages payments to and from payors located outside of the State of Florida.

17. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

18. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fai Labor Standards Act applies to Plaintiff's work for Defendant in the course of his performing maintenance services while using building supplies, PVC piping, HVAC supplies, and other goods, materials, and supplies that moved through interstate commerce.

19. Plaintiff also would regularly and routinely make purchases at for plumbing supplies, electrical supplies, HVAC supplies, and other goods, materials and supplies that traveled in interstate commerce prior to his purchase for use in maintaining the property managed by Defendant.

20. Plaintiff worked for Defendant from approximately January 2011 to July 2020 as a maintenance employee.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

22. Defendant paid Plaintiff at an hourly rate of pay, which increased from $18.50 per hour to $22.60 per hour after receiving a 3% per year wage increase.

## *Liability*

23. Defendant required that Plaintiff be "on call" and perform other work on the premises at while "off the clock".

24. Plaintiff worked approximately 4-5 hours of overtime (44-45 hours per week) for Defendant.

25. Defendant did not track the time that Plaintiff worked for it until about June 2018, when it began tracking his time and when it also reduced his hours.

26. Defendant, however, failed to pay Plaintiff for all of the overtime hours that he worked.

27. Plaintiff's primary duty was the performance of manual work; to wit, maintenance services.

28. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek from three years prior to the filing of this Complaint through June 2018.

29. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked from three years prior to the filing of this Complaint through June 2018.

30. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that

Defendant was not required to pay overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

31. Defendant was aware of the requirement to pay its non-exempt employees overtime wages for all hours worked beyond 40 in a workweek by virtue of its having been sued for unpaid overtime violations in the past.

32. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

33. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

34. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

WHEREFORE Plaintiff, Victor Raul Manrique Silva, demands the entry of a judgment in his favor and against Defendant, Channelside Management LLC, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recovers all interest allowed by law;

  e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Victor Raul Manrique Silva, demands a trial by jury of all issues so triable.

Respectfully submitted this 4th day of January 2021,

            s/Brian H. Pollock, Esq.
            Brian H. Pollock, Esq.
            Fla. Bar No. 174742
            brian@fairlawattorney.com
            FAIRLAW FIRM
            7300 North Kendall Drive
            Suite 450
            Miami, FL 33156
            Tel: 305.230.4884
            *Counsel for Plaintiff*